**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 30, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50494
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MOISES MARTINEZ-CANTU,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-626-1-AML
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

    Moises Martinez-Cantu appeals his jury-trial conviction for
illegal reentry following deportation.  He first argues that the
evidence was insufficient to support his conviction.  To obtain a
conviction for illegal reentry, the Government must establish four
elements: (1) alienage, (2) deportation, (3) reentry into or
unlawful presence in the United States, and (4) lack of the
Attorney General's consent to reenter.  See 8 U.S.C.
§ 1326(a); United States v. Sanchez-Milam, 305 F.3d 310, 312 (5th
Cir. 2002).  Martinez-Cantu challenges only the last element.

-------------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The evidence was more than sufficient to establish the lack of the Attorney General's consent to reenter into the United States. The Government offered a certificate of nonexistence of record which satisfies the Government's burden of proving that the Attorney General had not consented to reentry.  Id.

Moreover, there was testimony showing that Martinez-Cantu did not have any documentation to allow him to enter into the United States after his deportation; he admitted as much to immigration officials.  Viewing this evidence in the light most favorable to the Government, a reasonable jury could have concluded that Martinez-Cantu did not obtain the Attorney General's consent to reenter the United States.  United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

Martinez-Cantu argues that 8 U.S.C. § 1326(b)(1) & (2) were rendered unconstitutional by Apprendi v. New Jersey, 530 U.S. 466 (2000), but he concedes that the issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises it solely to preserve its further review by the Supreme Court. "Apprendi did not overrule Almendarez-Torres."  United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001); see Apprendi, 530 U.S. at 489-90.  This court must follow the precedent set in Almendarez-Torres unless the Supreme Court overrules it.  Rivera, 265 F.3d at 312.  The judgment of the district court is AFFIRMED.