# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 10-30992

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRENANDO VALDEZ-LOPEZ, also known as Frenando Valez Lopez, also known as Frenando Valdez, also known as Fernando Valdez, also known as Jose Valdez, also known as Jose Valdez Lopez, also known as Fernando Valdez Lopez, also known as Fernando Valdez-Lopez, also known as Jose Valdez-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-327

Before JOLLY, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Frenando Valdez-Lopez of fraud and misuse of a permanent resident card, as well as illegal reentry after deportation. On appeal, he contends that the district court abused its discretion in refusing to give his proposed instruction regarding the alienage element of the illegal-reentry offense. After reviewing his claim, we AFFIRM his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Following a jury trial, Mr. Valdez-Lopez was found guilty of fraud and misuse of a permanent resident card in violation of 18 U.S.C. § 1546(a), and of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). On September 23, 2010, he was sentenced to concurrent 78-month terms of imprisonment and to concurrent three-year periods of supervised release. He timely appealed. At issue on appeal is whether the jury should have been instructed that a "natural-born citizen" could be a person who was born abroad to a citizen parent.

On September 24, 2009, Immigration and Customs Enforcement (ICE) agent Wilbert Spooner, Jr., encountered the defendant in Hammond, Louisiana. The defendant told the agent he was from Mexico but had a lawful permanent resident card. Agent Spooner called in the card number and discovered it was registered to an El Salvadoran female. Agent Spooner testified that the defendant admitted buying the card in a Wal-Mart parking lot for $100. Agent Spooner also took the defendant's fingerprints and submitted them to a central fingerprint database. The database returned a positive match for the defendant and revealed that he had been deported in February 2007. According to Agent Spooner's testimony, after he gave the defendant a *Miranda* statement in Spanish, the defendant voluntarily told him he was a Mexican citizen and had been born in Mexico.

During Mr. Valdez-Lopez's trial, Government witness Judy Bouligny, the district records manager for the United States Citizenship and Immigration Services (a component of the Department of Homeland Security), testified that her records search had turned up no record of an application by Mr. Valdez-Lopez for citizenship or other legal status. She admitted on cross-examination that the Department of Homeland Security did not have registration records of children born abroad to United States citizens. Such records are kept by the State Department, and she did not have access to them.

No. 10-30992

Later in the trial, the government called ICE special agent Ryan Maher, who testified that he ran six combinations of birthdates and variants of the defendant's name in the State Department's consular consolidated database. His search returned no results. The name variants that Maher checked included those on the defendant's fingerprint cards. Maher did not check two name variants (Frenando Valdez-Lopez and Jose Valdez-Lopez) under which the defendant was indicted and arrested, respectively. Maher's searches checked for visas and passports; they did not check for consular reports of birth. Maher testified that he could not conclude from his searches that the defendant was not a U.S. citizen.

The defendant did not testify at trial, and the defense called no witnesses.

In light of Bouligny and Maher's testimony, the defendant submitted a proposed jury instruction on derivative citizenship to supplement Fifth Circuit Pattern Jury Instruction 2.05. The pattern jury instruction explains that, to convict a defendant of illegal reentry following deportation, the jury must find beyond a reasonable doubt that the defendant was an alien at the time alleged

in the indictment.[1]  To the pattern instruction, Mr. Valdez-Lopez sought to add several statements, including the following on derivative citizenship:

> Derivative citizenship may be conferred upon a person born outside of the United States if the applicant has at least one parent who is a United States citizen, and the citizen parent had met certain US residency requirements in effect at the time of the birth.

The district court refused to give the defendant's proposed instruction.  It explained that the portion regarding derivative citizenship relied on a non-criminal case in which the First Circuit stated that, in making a derivative citizenship determination, courts must look to the law in effect at the time of the putative citizen's birth.[2]  The court noted that the defendant made no showing of the law in effect at the time of his birth and so rejected that portion of the jury charge as "not sufficient."

Defense counsel argued that the court's charge, as it was then amended only by the Government's supplemental instruction, was misleading in stating

---

[1] The full text of Pattern Jury Instruction 2.05 follows.

> Title 8, United States Code, Section 1326(a), makes it a crime for an alien to enter [to be found within] the United States without consent of the Attorney General to apply for readmission after being deported.
> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
> *First*: That the defendant was an alien at the time alleged in the indictment;
> *Second*: That the defendant had previously been denied admission [excluded] [removed] [deported] from the United States;
> *Third*: That thereafter the defendant knowingly entered [was found in] the United States; and
> *Fourth*: That the Defendant had not received the consent of the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation.

Fifth Circuit Pattern Jury Instruction (Criminal) 2.05 (2001).

[2] *See Leal Santos v. Mukasey*, 516 F.3d 1, 2 n.1 (1st Cir.), *cert. denied*, 555 U.S. 839 (2008).

that "[a]ll persons born or naturalized in the United States, are citizens of the United States." Defense counsel argued,

> by taking the derivative citizenship out, then what happens in this paragraph, it only suggests that you can be born in the United States or be naturalized to become a citizen and that is an incorrect statement of the law because you can be born outside the territory of the United States and still be a citizen of the United States. And that, to me, is not in this instruction and it's confusing to the jury because as you said the Court well noted that there has been testimony that you can be born outside the United States and still be a citizen of the United States.

The court responded that it would remove the confusing language because the pattern instruction was sufficient. The court explained again the problem with the defendant's proposed instruction:

> The provision you provided was derivative citizenship may be conferred upon a person born outside of the United States if the applicant has at least one parent who is a United States citizen and the citizen parent had met certain U.S. residency requirements in effect at the time of the birth. Y'all gave me nothing with respect to what that means. The jury would read that and not know what those residency requirements were.

Defense counsel noted that the proposed instruction had been prepared with the Government's assistance, and that the attorneys had discovered in studying the pertinent statute, 8 U.S.C. § 1401, that the problems in interpreting it were "extensive" because the law had changed on a regular basis. The district court ruled that it would give the pattern instruction only. At the request of both the government and the defendant, the district court also instructed the jury that

> an alien is any person who is not a natural born or naturalized citizen, or a national of the United States. The term national of the United States includes not only a citizen of the United States but also a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

Mr. Valdez-Lopez argues on appeal that the district court abused its discretion in refusing to give his proposed instruction regarding derivative

citizenship.   He contends that the jury should have been instructed that a "natural-born citizen" could be a person who was born abroad to a citizen parent.

## II.

This Court reviews a district court's jury instructions for an abuse of discretion, "'affording substantial latitude to the district court in describing the law to the jury.'"[3] In considering whether the district court abused its discretion, this Court considers "'whether the charge, as a whole, was a correct statement of the law and whether it clearly instructed the jurors as to the principles of the law applicable to the factual issues confronting them.'"[4] A defendant is generally entitled to an instruction on a recognized defense for which evidentiary support is present,[5] but that entitlement is not absolute.   This court will reverse the district court's refusal to give a proposed jury instruction

> "only if the requested instruction (1) was a substantially correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the defendant's ability to present a given defense."[6]

The defendant concedes that the district court instructed the jury about the meaning of the term "alien" as including anyone who is not a "natural-born or naturalized citizen, or a national of the United States."   He argues, however, that the district court failed to instruct the jury about the meaning of the term "natural-born citizen," and as a result, he contends, the district court's

---

[3] *United States v. Wright*, 634 F.3d 770,774 (5th Cir. 2011) (quoting *United States v. Williams*, 610 F.3d 271, 285 (5th Cir. 2010)), *cert. denied*, No. 10-10783, 2011 WL 4531377 (Oct. 3, 2011).

[4] *Id.* (quoting *United States v. Santos*, 589 F.3d 759, 764 (5th Cir. 2009)).

[5] *United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007) (citing *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993)), *cert. denied*, 552 U.S. 1189 (2008).

[6] 634 F.3d at 775 (quoting *Cooper Indus., Inc. v. Tarmac Roofing Sys., Inc.*, 276 F.3d 704, 714 (5th Cir. 2002)).

instruction would mislead a lay person to think the term "citizen" refers only to native-born or naturalized citizens. He argues that lay persons would not understand a "derivative citizen" to fit within the term "natural-born citizen." The defendant's position is that the district court needed to instruct the jury on the existence of derivative citizenship, but not on the specific residency requirements of citizen parents when he was born.[7] The Government responds that the defendant's proposed instruction was inaccurate and incomplete because it did not specify those residency requirements.

We find that the district court did not abuse its discretion in refusing to give the defendant's proposed jury instruction. "It is well-settled that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of law."[8] The district court's instruction, which incorporated the pattern instruction in full, gave the elements of illegal reentry after deportation and also provided definitions of those elements. The instructions were clear and correct statements of the law[9] that "adequately and fairly covered the issues presented in the case."[10]

Moreover, the defendant was not entitled to an instruction on derivative citizenship because there was no evidentiary basis for that defense. "A defendant is entitled to an instruction on a recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."[11] In this

---

[7] Mr. Valdez-Lopez does not contend on appeal, as he did in the district court, that the Government's evidence was insufficient to show he was an alien. Accordingly, this argument is waived. *See United States v. Musa*, 45 F.3d 922, 925 (5th Cir. 1995).

[8] *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009), *cert. denied*, 131 S. Ct. 136 (2010).

[9] *See United States v. Martinez-Cantu*, 138 F. App'x 641, 642 (5th Cir. 2005) (per curiam) (unpublished) (listing the elements of an illegal reentry after deportation offense).

[10] *United States v. Turner*, 960 F.2d 461, 464 (5th Cir. 1992).

[11] *United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007) (citing *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993)), *cert. denied*, 552 U.S. 1189 (2008).

case, the defendant does not meet even that threshold inquiry. He presented no evidence whatsoever showing that he is entitled to derivative citizenship. The defendant's statement to Agent Spooner that he is a Mexican citizen (without any mention of dual citizenship), along with Government exhibits from the defendant's alien file, provided ample evidence to the contrary. The proposed instruction was wholly "without foundation in the evidence," and thus the district court did not abuse its discretion in refusing it.[12]

## III.

For the foregoing reasons, the judgment is AFFIRMED.

---

[12] *United States v. Robinson*, 700 F.2d 205, 211 (5th Cir. 1983), *cert. denied*, 465 U.S. 1008 (1984).