*United States v. Thomas Ferguson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> > *Circuit Judge*,
> J. PAUL OETKEN,*
> > *District Judge*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                    No. 17-764

THOMAS MITCHELL FERGUSON,

> *Defendant-Appellant*.

---

For Appellee:                          NATHANAEL T. BURRIS (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Christina E. Nolan, United

---

* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

States Attorney for the District of Vermont, Burlington, VT.

For Defendant-Appellant: CRAIG S. NOLAN (Justin A. Brown, *on the brief*), Sheehey Furlong & Behm P.C., Burlington, VT.

Appeal from a final judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the final judgment of the district court is **AFFIRMED**.

Defendant-Appellant Thomas Mitchell Ferguson appeals from a final judgment entered on March 7, 2017 by the United States District Court for the District of Vermont (Sessions, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Ferguson was convicted of sexual assault of a victim less than 16 years in Vermont Superior Court in 2003. His conviction resulted in both probationary supervision by Vermont Probation and Parole and a lifetime obligation to register with the Vermont Sex Offender Registry. Ferguson's terms of probation also required, *inter alia*, that Ferguson (1) "must not have any type of contact with children under the age of 16 without the written permission of [his] probation officer"; and (2) "shall not frequent where minors congregate, such as parks, schools and playgrounds." App. 52.

As a result of his conviction, Ferguson also qualified as a "sex offender" for purposes of the federal Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. §§ 20911, 20913. In early 2015, Ferguson changed residence from Vermont to New York but failed to report the move to the Vermont Sex Offender Registry and Vermont Probation and Parole. Ferguson was arrested on a federal warrant on June 8, 2016, and a federal grand jury returned a

one-count indictment on June 23, 2016 for failing to register as a sex offender, as required by SORNA, 18 U.S.C. § 2250(a). The State of Vermont also brought charges against Ferguson in Vermont Superior Court for violating the terms of his probation.

On October 21, 2016, Ferguson pled guilty to the federal charge. Two days later, the State of Vermont dismissed its charges against Ferguson, and the superior court discharged Ferguson from probation the same day. Because Ferguson did not comply with all of his probationary obligations, the superior court labeled his discharge "unsatisfactor[]y." App. 84.

The Federal Probation Office issued a draft pre-sentence report recommending that the district court re-impose the two aforementioned special conditions of Ferguson's state probation. Ferguson objected in his sentencing memorandum and at his sentencing arguing, *inter alia*, that he had "been discharged from state supervision" and had "not committed any other sex offenses." *Id.* at 23.

During the sentencing hearing, the district court questioned whether the sentence requested by Ferguson would result in a decrease in supervision when compared to his prior state sentence. The following colloquy took place between the district court and counsel for Ferguson:

> Counsel: Your Honor, I understand why the Probation Office has suggested that the two sex offender special conditions of supervision be imposed.
>
> The Court: Weren't those the same conditions that the state imposed or virtually the same conditions that the state imposed?
>
> Counsel: They would be -- they would be very similar. I think they might be a little stricter in fact, but . . . the state would have had some other conditions as well.

*Id.* at 72-73. Based on this concession, the district court observed that by committing a federal offense, Ferguson was "essentially asking that one of the primary conditions of this sex offense be eliminated," and that "[s]ome could argue that he essentially would have benefited by having

3

been convicted of this [federal] offense at least in terms of his conditions of supervision." *Id.* at 84.

Having made these observations, the district court sentenced Ferguson to a nine-month "time served" sentence, with five years of supervised release to follow. The sentencing judge also imposed several of what he called, "standard conditions of supervision recommended by the Sentencing Commission," including that Ferguson "shall not associate or have contact directly or through a third party with persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of [his] background and who has been approved in advance by the probation officer," and that he "must avoid and [is] prohibited from being in any areas or locations where children are likely to congregate such as schools, day care facilities, playgrounds, theme parks, [and] arcades, unless prior approval has been obtained by [his] probation officer." *Id.* at 89-90. The district court entered final judgment on March 7, 2017, and Ferguson timely appealed.

Ferguson now argues that he is entitled to be resentenced on the grounds that the district court (1) committed procedural error because it imposed the aforementioned special conditions "without explanation," Br. of Appellant at 1, and (2) committed substantive error because the two aforementioned special conditions were not reasonably related to one or more of the specified sentencing factors in 18 U.S.C. § 3553(a), and involve a greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a). We disagree.

Although this Court reviews properly preserved claims of sentencing error for abuse of discretion, *see generally Gall v. United States*, 552 U.S. 38, 51 (2007), where a defendant has failed to raise "procedural objections [such as an alleged failure to state reasons] . . . at the time of sentencing, we review his claim[] for plain error," *United States v. Verkhoglyad*, 516 F.3d

4

122, 128 (2d Cir. 2008). To establish plain error, an appellant must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted).

A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release and to state on the record the reason for imposing it. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc); *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004). Special conditions must also (1) be "reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)"; (2) "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C. § 3553(a)(2)(B)-(D)]"; and (3) be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)." 18 U.S.C. § 3583(d); *United States v. Myers*, 426 F.3d 117, 123-25 (2d Cir. 2005).

We review Ferguson's procedural objection for plain error because he did not argue at the time of sentencing that the district court's explanation for imposing the challenged special conditions was inadequate. We further conclude that Ferguson has failed to meet his burden of showing plain error. Although the court referred to these conditions as "standard"—rather than special—conditions of supervised release, App. 87, 89, such mislabeling did not affect the correctness of its explanation or the outcome of the proceeding. The sentencing judge observed that by committing a federal offense, Ferguson was "essentially asking that one of the primary conditions of [his state probation] be eliminated," and that "[s]ome could argue that he

essentially would have benefited by having been convicted of this offense at least in terms of his conditions of supervision." *Id.* at 84. This was sufficient to inform Ferguson of the reasons for his sentence and constituted an individualized assessment. Further, the district court observed accurately that not imposing the conditions challenged here could be viewed as "essentially . . . benefit[ing]" Ferguson by eliminating—as a result of his commission and conviction of a new crime—some of the conditions to which he had previously been subject. *Id.* Thus, the public reputation of judicial proceedings would be adversely affected *not by reimposing* those conditions but *by failing to reimpose them*.

We likewise conclude that Ferguson has not shown that the challenged conditions are substantively unreasonable. This Court reviews the substantive reasonableness of Ferguson's special conditions for abuse of discretion because Ferguson properly preserved this claim for review. *United States v. McLaurin*, 731 F.3d 258, 261 (2d Cir. 2013). Special conditions must be "reasonably related" to certain factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(d)(1), which include, *inter alia*, "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B). The district court did not abuse its discretion in finding that the special conditions here are reasonably related to that goal.

The two special conditions imposed by the federal court were nearly identical to those imposed previously by the State of Vermont. The State of Vermont prohibited Ferguson, as a result of Ferguson's underlying sex offense, from having "any type of contact with children under the age of 16 without the written permission of [his] probation officer"; and from frequenting any place "where minors congregate, such as parks, schools and playgrounds." App. 52. Ferguson would likely still be subject to these special conditions had he not then committed a federal crime by failing to register under SORNA. *See id.* at 84. The district court thus correctly

observed that if it declined to re-impose these special conditions, it would be counter to the requirement that the sentence "afford adequate deterrence to criminal conduct," *see* 18 U.S.C. § 3553(a)(2)(B).

We further find that the special conditions imposed by the district court involved no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a). *See id.* § 3583(d)(2). Ferguson's counsel conceded at sentencing that the state and federal conditions are "very similar," App. 73, and does not argue in his briefs on appeal that the federal conditions are more onerous than those previously imposed by the state. We therefore conclude that the special conditions imposed by the district court are proportionate to the need to "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B)—*i.e.*, failing to register pursuant to SORNA.

We have considered all of Ferguson's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the final judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7