# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2019

Lyle W. Cayce
Clerk

No. 18-40223
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-658-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Rogelio Rodriguez of being present in the United States illegally after previous deportation. The Government's evidence included the circumstances of Rodriguez's arrest, his admission to Border Patrol agents that he is a Mexican citizen, and his record of prior deportations. Rodriguez presented no evidence but sought to introduce an immigration attorney as an expert witness to explain to the jury how immigration proceedings work and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to testify that sometimes individuals do not know they are U.S. citizens and are erroneously deported. The district court excluded the attorney's testimony as irrelevant and because it would not assist the jury given the lack of any evidence that Rodriguez is a U.S. citizen and had been erroneously deported. Rodriguez argues that exclusion of the attorney's testimony violated his right to present a complete defense.

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). However, the Constitution also "permits judges to exclude evidence that is . . . only marginally relevant or poses an undue risk of . . . confusion of the issues." *Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006) (internal quotation and citations omitted). To prove a violation of the right to present a complete defense, a defendant must show "the excluded evidence is indispensable to the theory of defense, and the district court fail[ed] to provide a rational justification for its exclusion." *United States v. Kurht*, 788 F.3d 403, 421 (5th Cir. 2016) (internal quotation and citations omitted).

Neither prong is met here. The attorney's proposed testimony did not relate to Rodriguez's status and would not have refuted or raised questions about the Government's evidence. Thus, it was not indispensable. *See id.* at 422. Moreover, the district court's justification for excluding the testimony was rational. Due to the lack of a factual connection, the testimony was irrelevant and not "sufficiently tied to the facts of the case that it [would] aid the jury in resolving a factual dispute." *Id.* at 420 (quoting *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003)); *see also* FED. R. EVID. 401, 702. The district court did not abuse its discretion in excluding the attorney's testimony. *See Tucker*, 345 F.3d at 332 (affirming the exclusion of expert testimony that the district court ruled was not helpful to the jury because it was not relevant to

No. 18-40223

the facts); *see also United States v. Flores-Martinez*, 677 F.3d 699, 709 n.5, 712 (5th Cir. 2012) (finding no abuse of discretion in excluding defendant's testimony because a "defendant has no right to present irrelevant testimony").

Rodriguez also challenges the district court's instructions to the jury. However, Rodriguez presented no evidence that he was entitled to his requested instructions. *See United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007); *see also United States v. Valdez-Lopez*, 444 F. App'x 829, 833 (5th Cir. 2011) (finding no abuse of discretion in district court's refusal to instruct the jury on derivative citizenship because defendant "presented no evidence whatsoever" that he was entitled to this defense). The district court did not abuse its discretion in giving this Court's pattern jury instruction. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009).

AFFIRMED.