Butt v. Barr

BIA
Verrillo, IJ
A089 347 090

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MOHAMMAD BALAL BUTT,
> *Petitioner,*

v.                                    17-2934
                                      NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristen A. Giuffreda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Mohammad Balal Butt, a native and citizen of Pakistan, seeks review of an August 23, 2017, decision of the BIA affirming a September 30, 2016, decision of an Immigration Judge ("IJ") denying cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Balal Butt,* No. A089 347 090 (B.I.A. Aug. 23, 2017), *aff'g* No. A089 347 090 (Immig. Ct. Hartford Sept. 30, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Cancellation of Removal

Our jurisdiction to review the agency's denial of cancellation of removal is limited to colorable

constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008) (exceptional and extremely unusual hardship determinations by the BIA are discretionary judgments). We review such claims de novo. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). When assessing jurisdiction, we must "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

A nonpermanent resident, such as Butt, may have his removal cancelled if, among other requirements, he demonstrates that his "removal would result in exceptional and extremely unusual hardship" to his United States citizen or lawful permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b)(1)(D). In relevant part, the agency

3

denied relief based on Butt's failure to show hardship to his wife.

It would be an error of law if the agency ignored or "seriously mischaracterize[d]" material facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). However, the record reflects that the IJ and BIA properly applied existing precedent and considered Butt's evidence of hardship. Hardship is a high standard that requires a showing that the "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (noting that exceptional and extremely unusual hardship is a "very high standard"). The agency considers, among other evidence, "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives," including how a lower standard of living, diminished educational opportunities, or adverse country conditions in the country of removal might affect the relatives. *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63; *In re Andazola-Rivas*, 23 I.

4

& N. Dec. at 323; *see also In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002).

The agency applied that standard. It considered Butt's wife's psychological records; her medical history, including fertility treatments, and pain from a 2009 car accident; any financial, cultural, and emotional hardship she would endure; and the cumulative impact of the hardship factors. To the extent that Butt argues that the agency gave too little weight to certain evidence, the balancing of factors is beyond our jurisdiction. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010).

Butt merely "quarrels over the [exercise of discretion and the] correctness of the factual findings reached by the agency," which we lack jurisdiction to review. *Emokah v. Mukasey*, 523 F.3d 110, 119 (2d Cir. 2008) (internal quotation marks omitted); *see also Xiao Ji Chen*, 471 F.3d at 329.

Asylum, Withholding of Removal and CAT

As an initial matter, Butt's brief waives review of the denial of asylum by failing to challenge the agency's timeliness finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief). Absent a constitutional claim or question of law, we lack

5

jurisdiction to review the timeliness determination.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  We therefore dismiss the petition as to asylum.

As to the withholding and CAT claims, substantial evidence supports the agency's determinations.  The remaining claims are therefore denied.  For withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying "one central reason" standard to withholding).  Before the agency, Butt's claimed fear of persecution is premised on (1) imputed anti-Pakistan political opinion because of his residence in the United States and his marriage to a Bangladeshi woman, and (2) membership in a particular social group of Pakistanis married to Bangladeshis.  Although he now attempts to frame his claim as one based on his familial relationship to his wife and their religious beliefs, those grounds were not raised before the agency and are not properly before us.  *See Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 117-18 (2d

Cir. 2006) (requiring petitioner to exhaust all issues before the BIA).

As the agency concluded, Butt did not establish a likelihood of future harm on account of a protected ground. The IJ acknowledged that Butt's wife was attacked in 2006 in Pakistan for not wearing a hijab, being an American, and being of Bangladeshi-descent, among other reasons, but the harm to Butt's wife does not compel the conclusion that Butt himself would more likely than not be persecuted on a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 n.2 (2d Cir. 1999) ("Although persecution of close family members may support a well-founded fear of future persecution, it does not form the basis for a finding of past persecution of h[im]."). The country conditions evidence reflects that Pakistan is plagued by extremist violence and repression of women, and that it has long had a strained relationship with Bangladesh. There is no evidence, however, that someone in Butt's circumstances would be targeted. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record" for a claim of future persecution, an applicant's "fear is speculative at best.").

Butt argues that the agency ignored evidence. However, the IJ's decision was detailed and included extensive summaries of witness testimony and references to country conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered." (internal quotation marks and citation omitted)); *see also Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Unlike withholding of removal, CAT relief does not require a nexus to a protected ground. See id. "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); see also Khouzam v. Ashcroft, 361 F.3d 161, 171 (2d Cir. 2004). Butt's CAT claim, like his withholding claim, fails

8

because there is no particularized evidence that he would be tortured in Pakistan. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim). The general country conditions evidence of extremist violence and anti-Bangladeshi sentiment are insufficient to establish that Butt would be singled out for torture. *Id.* Given the lack of particularized evidence that he would be tortured or that the authorities would acquiesce to his torture, the agency did not err by denying CAT relief. *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006))).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

9

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court