22-3167-cr
*United States v. Menadi*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-three.

Present:

> DENNIS JACOBS,
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                      22-3167-cr

MASSIMO DABUSCO, AKA MAX,

> *Defendant,*

VITO MENADI,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | ANDREW D. REICH (Susan Corkery, Frank Turner Buford, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY |
| For Defendant-Appellant: | ADAM M. ELEWA, Whipple Azzarello, LLC, Morristown, NJ |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Vito Menadi appeals from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *District Judge*), entered on December 16, 2022, revoking his term of probation. On January 12, 2017, Menadi pled guilty to one count of conspiracy to commit extortion, in violation of 18 U.S.C. § 1951(a). He was later sentenced to five years of probation. As part of the conditions of his probation, Menadi was prohibited from committing a federal, state, or local crime, as well as leaving the Eastern District of New York, with the exception of traveling to New Jersey for employment purposes. On October 9, 2020, the U.S. Probation Office filed an Amended Violation Petition with the district court, which listed three violations of Menadi's terms of probation. The violations stemmed from an incident on July 13, 2020, when Menadi used a baseball bat to beat a subcontractor who was working at Menadi's wife's home in New Jersey, pressed a knife to the worker's neck, and threatened to kill him. Menadi was arrested by New Jersey police and charged with state crimes for aggravated assault and terroristic threats. Those charges are still pending. After an evidentiary hearing in July 2022, the district court determined, by a preponderance of the evidence, that Menadi had violated the terms of his probation by committing two state crimes (Charges One and Two of the Amended Violation Petition) and traveling to New Jersey for non-employment purposes without permission (Charge Three). For Charges One and Two, the district court sentenced Menadi to twenty-four months of imprisonment, to be followed by three years of supervised release. For Charge Three,

2

the court sentenced Menadi to nine months of imprisonment, to run concurrently with the sentence for Charges One and Two. The total sentence was above the Sentencing Guidelines' recommended range of twelve to eighteen months of imprisonment, but considerably below the twenty-year statutory maximum. We assume the parties' familiarity with the case.

On appeal, Menadi argues that his sentence was both procedurally and substantively unreasonable. Like sentences generally, sentences for violations of probation are reviewed for reasonableness, which "applies both to the sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008).[1]

Menadi first argues that his sentence was procedurally unreasonable because the district court relied on a clearly erroneous fact in justifying his sentence, specifically that Menadi lied at the evidentiary hearing regarding his wife's role in their construction company. We disagree. Menadi frames the district court's findings narrowly, focusing on whether the district court erred in concluding that Menadi "lied" at the hearing, J. App'x at 270, because, according to the district court, he "testified that his wife works for the company, she handles the books, she does this and that for the company," but "in [his wife's] letter she says she doesn't work . . . [and] [i]t is only he who carries out the business," *id.* at 271. Viewed in context, we read the district court's findings more broadly, highlighting the inherent implausibility of Menadi's testimony regarding the way in which he and his wife were involved in the operation of the company, particularly in connection with the construction project at Menadi's wife's home in New Jersey. Even without taking into consideration the letter, Menadi's testimony was rife with inconsistencies. For example, Menadi testified that he was in New Jersey only for employment purposes, as permitted by the terms of his

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

probation, because his wife had hired his construction company to perform renovations on the home. But at the same time, Menadi testified that his wife actually owned the company and used the proceeds from the business to pay rent on the home, suggesting that no business contract in fact existed, and that Menadi was in New Jersey only in his personal capacity to help renovate the home. *See id.* at 212–14. Based on Menadi's inconsistent testimony, the district court did not clearly err in finding that Menadi lied at the hearing.

Moreover, the district court adequately considered the factors under 18 U.S.C. § 3553(a) and explained the other reasons for its sentence. In addition to Menadi's lying, the district court noted how Menadi breached its trust by visiting New Jersey for non-employment purposes "on the sly," did not even disclose that his wife had a home there, *id.* at 271, and most significantly, committed crimes of violence—a "violation of trust in the worst manner that can be imagined," *id.* at 272. Thus, the district court explicitly focused on Menadi's breach of trust. *See* U.S.S.G. ch. 7, pt. A, Introduction (explaining that "at revocation the court should sanction primarily the defendant's breach of trust"). The seriousness of Menadi's criminal conduct while on probation was one appropriate measure of the extent to which he had breached the court's trust. *See, e.g.*, *United States v. Edwards*, 834 F.3d 180, 194–95 (2d Cir. 2016).

Menadi argues further that the district court did not articulate specifically why it was imposing an above-Guidelines sentence given that Menadi's crimes of violence—and the associated breach of trust—were already captured in the Guidelines' advisory sentencing range. However, the district court explained that it had "show[n] a great deal of leniency to the defendant at the time of the original sentence" by giving a below-Guidelines, non-carceral sentence. J. App'x at 271. An original lenient sentence is a valid reason to impose an above-Guidelines sentence upon a violation of probation. *See* U.S.S.G. § 7B1.4 Application Note 4; *Verkhoglyad*, 516 F.3d

4

at 129–30; *United States v. Fleming*, 397 F.3d 95, 100–01 (2d Cir. 2005). In sum, we discern no procedural errors in how the district court arrived at its sentence.

Turning to substantive reasonableness, this Court reviews whether the various factors relied on by the district court "can bear the weight assigned [to them] under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). Here, these factors include Menadi lying at the evidentiary hearing and the serious breaches of trust he committed by repeatedly traveling without authorization to New Jersey for personal reasons and then brutally assaulting a worker, all against a backdrop of the district court placing enhanced trust in him by originally imposing a lenient sentence. Under these circumstances, the twenty-four-month sentence—which was six months above the top of Guidelines' range but well below the twenty-year maximum—was reasonable and does not represent the "rare case" that would "damage the administration of justice because the sentence imposed was shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

\* \* \*

For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5