**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2009

Charles R. Fulbruge III
Clerk

No. 05-60797

MARIA CRISTINA LOPEZ, GUADALUPE ROSARIO LOPEZ, JOSE MAURILIO LOPEZ, AND JUAN LUIS LOPEZ

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

_____

No. 06-41768
_____

MARIA CRISTINA LOPEZ, GUADALUPE ROSARIO LOPEZ, JOSE MAURILLO LOPEZ, AND JUAN LUIS LOPEZ

Petitioners-Appellants

v.

A.G. WINFREY, INTERIM FIELD OFFICE DIRECTOR DHS HLG/DO, and UNITED STATES OF AMERICA

Respondents-Appellees

Appeals from the United States District Court
for the Southern District of Texas, McAllen Division

Before JOLLY, DAVIS and DEMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioners Maria Cristina Lopez, Guadalupe Del Rosario Lopez, Jose Maurilio Lopez, and Juan Luis Lopez (petitioners) appeal the denial of their claims of citizenship by the district court. Based on our conclusion that the magistrate judge did not have jurisdiction to try this case after remand without the consent of the petitioners, we vacate and remand.

I.

The former Immigration and Naturalization Service (INS) placed petitioners in removal proceedings. In defense, the petitioners claimed that they were United States citizens by virtue of having been born in this country. A hearing was held and the parties presented conflicting evidence regarding whether the children were born in the United States. The petitioners' mother, Evangelina Perez de Lopez (Perez), testified that she had six children, four of whom were the petitioners, and that she registered their births in Mexico. However, she testified that none of her children was born in Mexico; rather, they were all born in Donna, Texas, at the home of Andrea Jackson. She said that she came to the United States to give birth each time, and subsequently obtained birth certificates for her children in the United States. She also admitted that she pleaded guilty to improperly obtaining food stamps for her children, because they were registered as born in Mexico.

Yolanda Jackson Hernandez testified that she was the daughter of Andrea Jackson, and that Perez came to her mother's house in Donna to have her children. She identified the four petitioners as being born at her mother's house. However, she admitted that she was not always present at the times of the births. The parties introduced birth certificates for the petitioners from Mexico as well as delayed Texas birth certificates.

The immigration judge (IJ) concluded that the petitioners had demonstrated citizenship, finding the testimony of both Hernandez and Perez

2

credible and giving more weight to the Texas birth certificates than to the Mexican ones. However, the Board of Immigration Appeals (BIA) disagreed with the IJ's assessment of the facts and credibility, concluded that the petitioners were not born in the United States, and ordered that the petitioners be deported. The BIA later denied reconsideration but remanded to allow the petitioners to seek relief from deportation. The IJ denied their request for relief from deportation and again ordered the petitioners to be deported.

The petitioners then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court in 2003. In addition to habeas relief, the petitioners sought a declaratory judgment pursuant to 28 U.S.C. § 2201. They specifically requested a de novo hearing to prove their claim of United States citizenship. Subsequently, the parties consented to proceed before a magistrate judge, and the district court entered an order transferring the matter to a magistrate judge.

A magistrate judge concluded that the district court lacked jurisdiction over claims of citizenship, which are required to be made in the court of appeals. The petitioners appealed. While the appeal was pending, Congress enacted the REAL ID Act, which eliminated federal habeas jurisdiction over removal proceedings, providing that a petition for review filed in a court of appeals is the sole means for judicial review of removal orders. *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006). The parties then filed a joint motion to convert the pending appeal to a petition for review. In addition, the parties asserted that genuine issues of material fact were present regarding the petitioners' claims of citizenship and requested that the converted petition for review be transferred to the district court for a new hearing on the claim of nationality pursuant to 8 U.S.C. § 1252(b)(5)(B). This court granted the motion, transferring the matter to the same district court for a de novo hearing on the petitioners' citizenship and nationality claims.

3

Back in the district court, the petitioners moved to withdraw their consent to proceed before the magistrate judge. Although the Government did not oppose the motion, the magistrate judge denied the motion to withdraw consent.

The magistrate judge held an evidentiary hearing on petitioners' citizenship and the evidence was similar to that presented to the IJ. The magistrate judge concluded that the petitioners had not carried their burden of demonstrating citizenship by a preponderance of the evidence. The magistrate judge noted various problems with credibility of both Hernandez and Perez and gave little weight to the Texas birth certificates, given the circumstances surrounding them. She gave more weight to the Mexican certificates as they were obtained much closer to the time that the petitioners were born.

The respondents timely appealed. The appeal was consolidated with the earlier petition for review.[1]

## II.

The first issue we must address is whether this court's review is of the magistrate judge's decision, the BIA's decision, or both. Petitioners argue that there are now two rulings for review; the BIA's decision, under the original petition for review, and the magistrate judge's ruling, pursuant to the "new" proceeding. Similarly, the Government addresses both the BIA's decision and the magistrate judge's decision.

"A person generally may pursue a citizenship claim in two ways." *Rios-Valenzuela v. DHS*, 506 F.3d 393, 396 (5th Cir. 2007). First, he may assert citizenship as a defense to a removal proceeding. *Id*. If the IJ rejects the

---

[1] The original appeal from the habeas case was docketed in this court under Case No. 05-40557. When the case was converted to a petition for review under the REAL ID Act, it was assigned Case No. 05-60797 and Case No. 05-40557 was dismissed. After the case was transferred to the district court for review of petitioners' claims of citizenship, the appeal from the magistrate judge's decision was docketed under Case No. 06-41768. Case Nos. 05-60797 and 06-41768 are consolidated in this appeal.

defense, the person may petition a court of appeals under § 1252(b) for review. *Id.* If the IJ accepts the claim, the removal proceeding is terminated. *Id.* at 396-97. Second, the person may seek proof of citizenship by filing an application for citizenship under 8 U.S.C. § 1452(a). *Id.* at 397. If unsuccessful, he may file an administrative appeal and if that is unsuccessful, he may seek a judicial declaration under 8 U.S.C. § 1503. *Id.*

Here, the petitioners claimed citizenship as a defense to removal proceedings and then sought habeas relief, which was converted to a petition for review under § 1252(b). Although that statute limits federal appellate jurisdiction to review removal orders, it also provides a specific procedure for determining questions of nationality. Specifically, § 1252(b)(5) provides that if the petitioner claims to be a national of the United States and the court of appeals finds that the pleadings and affidavits present no genuine issue of material fact regarding nationality, the court of appeals "shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). However, if the case presents a genuine issue of material fact, the court of appeals shall transfer the case to the district court for the district where the petitioner resides "for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under" 28 U.S.C. § 2201, commonly called the Declaratory Judgment Act. 8 U.S.C. § 1252(b)(5)(B); *see Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). A petitioner may have a nationality claim decided only as provided in § 1252(b). *See* 8 U.S.C. § 1252(b)(5)(C).

Under the above provisions, this court has held that "[i]n the context of an order of removal, the INA explicitly places the determination of nationality claims in the hands of the courts." *Alwan v. Ashcroft*, 388 F.3d 507, 510 (5th Cir. 2004). Thus, a court of appeals is directed to conduct a de novo determination, based on the record, of an alien's claim of nationality. *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006). If the record presents genuine

issues of material fact, the court of appeals must transfer the case to a district court for a de novo hearing, as occurred in this case. 8 U.S.C. § 1252(b)(5)(B).

Given that the question of nationality is vested in the court of appeals and may be decided solely under the procedure set forth in § 1252(b)(5), and that a transfer to a district court is required if the record presents genuine issues of material fact, the BIA's decision is no longer relevant. Rather, a plain reading of the statute reveals that our only review in this case is of the ruling of the district court. *See, e.g., Leal Santos v. Mukasey*, 516 F.3d 1, 3 (1st Cir. 2008) (reviewing district court's decision regarding derivative citizenship following § 1252(b)(5) transfer); *Joseph v. Att'y Gen. of the United States*, 421 F.3d 224, 233 nn.16 & 18 (3d Cir. 2005) (noting that in light of conflicting testimony before the IJ, a de novo determination was required; that the district court could reject the testimony of the petitioner and his witnesses; and that any claim that the admission of certain documents in the administrative proceeding violated due process did not need to be decided given the de novo review).

## III.

We must also address the petitioners' contention that the magistrate judge lacked jurisdiction over the case once it was transferred from this court to the district court for a new hearing. Petitioners' argument is that the consent form they executed for the habeas case did not constitute consent for the transferred case. Further, they state that they did not expressly or implicitly consent to the magistrate judge's jurisdiction in the transferred case but rather sought to "remove the case from her Court." They also argue that the "habeas nature of the appeal was lost with the REAL ID Act, when it was converted to a petition for review and assigned a new number by this court." They also point out that if they "had moved in the interim," the case would have been transferred to a different court, as the statute requires transfer to a district in which the petitioner resides. It was only coincidence that the district court where they

filed their habeas action was the same district in which they resided for purposes of the transferred case. However, they argue, that coincidence did not make the transferred proceeding a continuation of the habeas proceeding.

Pursuant to 28 U.S.C. § 636(c), a magistrate judge may, with consent, preside over civil matters without violating Article III of the Constitution. *United States v. Muhammed,* 165 F.3d 327, 333 (5th Cir. 1999). Removal proceedings generally are considered civil in nature, they are conducted administratively, and they do not come with the procedural and Constitutional protections afforded criminal defendants. *United States v. Lopez-Ortiz*, 313 F.3d 225, 230 (5th Cir. 2002). Thus, there is no statutory or Constitutional impediment to the exercise of jurisdiction by a magistrate judge to determine nationality in a judicial proceeding under § 1252(b)(5).

However, in order for a magistrate judge to exercise jurisdiction under §636, there must be both consent and a referral order from the district judge. *Muhammed*, 165 F.3d at 333. The crux of the petitioners' argument is that the transferred proceeding was new and distinct from the original habeas proceeding; thus, a new consent and referral order were required. We agree. The transferred proceeding was not a continuation of the habeas proceeding but was a new proceeding given that it flowed from a petition for review, mandated by the REAL ID Act, and a § 1252(b)(5) transfer. As the petitioners point out, the transfer under § 1252(b)(5) could have been to a district court different from the one that heard their habeas case, as § 1252(b)(5)(B) mandates that the de novo hearing be conducted by a court for the district where the petitioners reside. Under 28 U.S.C. § 636, the authority of a magistrate judge extends to "the district court or courts he serves." Accordingly, consent to proceed before a magistrate judge in one district would not necessarily be valid in another district. On remand, the petitioners should have been given a renewed option

to consent to trial before the magistrate judge or have their case heard by the district court.

## IV.

For the foregoing reasons, we vacate the judgment of the district court and remand this case for further proceedings consistent with this opinion.

VACATED.  REMANDED.