PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3182
_____

JUNIOR NATHANIEL RICKETTS
a/k/a Junior Mohammed Ricketts
a/k/a Paul Milton Miles,
                              Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of New York
(D.C. No. 1-15-cv-00329)
District Judge:  Hon. Margo K. Brodie
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 6, 2018

Before:  JORDAN, GREENAWAY, JR., and FISHER,
*Circuit Judges*

(Filed:  July 30, 2018)

————————

Noah M. Weiss
Williams & Connolly
725 12ᵗʰ Street, N.W.
Washington, DC   20005
    *Counsel for Appellant*

Benjamin M. Moss
Eric R. Quick
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC   20044
    *Counsel for Appellee*

————————

OPINION OF THE COURT

————————

JORDAN, *Circuit Judge*.

When an alien faces removal under the Immigration and Nationality Act, one potential defense is that the alien is not an alien at all but is actually a national of the United States.  8 U.S.C. § 1252(b)(5).  An individual contesting a final order of removal has the opportunity to raise that defense in a petition for review and, if it appears to the appellate court considering the petition that a genuine factual question exists as to the petitioner's nationality, that court must transfer the proceeding to the district court where the

2

petitioner resides, for a nationality determination to be made. *Id.* § 1252(b)(5)(B).

This case requires us to address whether an appeal from a nationality determination following such a transfer must be taken to the appellate court that typically hears appeals from the district court making the determination, or whether jurisdiction lies with the appellate court that transferred the case to the district court in the first place. Both parties urge us to conclude that appeals from nationality determinations made under § 1252(b)(5)(B) must be to the court of appeals for the circuit that embraces the transferee district court. We agree. The pertinent statutory language makes it clear that Congress intended for hearings conducted pursuant to § 1252(b)(5)(B) to be treated as new proceedings separate from the underlying petitions for review. We thus lack jurisdiction to entertain an appeal from a nationality determination made by the United States District Court for the Eastern District of New York.

## I.    BACKGROUND

Junior M. Ricketts petitioned this Court to review the Board of Immigration Appeals' denial of his motions to reopen his removal proceedings, which had resulted in a final order of removal.[1] One of the defenses to removal that Ricketts has raised is that he is in reality a United States

---

[1] Ricketts has four petitions for review pending before this Court, which have been consolidated ("consolidated petitions for review"). *See* Case Nos. 10-1875, 10-2400, 17-3298, and 18-1404. We have stayed those cases pending further order of the Court.

citizen. After determining that there were genuine issues of material fact as to his nationality, we granted a joint motion by Ricketts and the government to transfer the nationality dispute to the United States District Court for the Eastern District of New York – the district where Ricketts resided at the relevant time – pursuant to 8 U.S.C. § 1252(b)(5)(B), so that a determination of his nationality could be made.

After the District Court conducted an evidentiary hearing, it decided that Ricketts had "failed to demonstrate by a preponderance of the evidence that he is a citizen of the United States." *Ricketts v. Att'y Gen.*, No. 15-329, 2016 WL 3676419, at *1 (E.D.N.Y. July 7, 2016). It found instead that the "evidence overwhelmingly establishe[d]" that he is a Jamaican national who appropriated the identity of a United States citizen. *Id.* at *7.

Of course dissatisfied with the District Court's determination, Ricketts filed a notice of appeal, seeking review by the United States Court of Appeals for the Second Circuit. The District Court, however, transmitted the appeal to this Court, not to the Second Circuit. After receiving the case file from the District Court, our Clerk of Court instructed the parties to address whether Ricketts's appeal was properly transmitted to us or whether the appeal should be transferred to the Second Circuit. In response, the government filed a motion to transfer the appeal to the Second Circuit but requested that we retain jurisdiction over Ricketts's consolidated petitions for review. Ricketts also requested that we transfer his appeal to the Second Circuit.

4

## II.  DISCUSSION[2]

Our interpretation of the statutory scheme Congress created to address disputes over nationality must begin, as with any matter of statutory interpretation, with the plain text of the relevant statutes. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017); *Cazun v. Att'y Gen.*, 856 F.3d 249, 255 (3d Cir. 2017).  "[O]ur inquiry into the meaning of [a] statute's text ceases when the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Matal v. Tam*, 137 S. Ct. 1744, 1756 (2017) (quotation marks and citation omitted).

Judicial review of a final order of removal is guided by 8 U.S.C. § 1252.  Pertinent here is the portion of that statute regarding a defense to removal based on an assertion that the petitioner is "a national of the United States."[3]  8 U.S.C.

---

[2]  The District Court had jurisdiction under 8 U.S.C. § 1252(b).  Our appellate jurisdiction is the central issue before us.  As always, we have jurisdiction to determine our own jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

[3]  Ricketts claims to be a U.S. citizen.  Citizenship and nationality are not synonymous.  While all citizens are nationals, not all nationals are citizens. *See* 8 U.S.C. § 1101(a)(22) ("The term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.").  Since citizens are a subset of nationals, the defense that Ricketts has raised fits within the statutory defense.

5

§ 1252(b)(5).  It provides that, if "the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim."  *Id.* § 1252(b)(5)(A).  But, if the court "finds that a genuine issue of material fact [exists as to] the petitioner's nationality," it must "transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides[.]"  *Id.* § 1252(b)(5)(B).  The statute then explicitly instructs that, when a case is transferred from a court of appeals to a district court pursuant to § 1252(b)(5)(B) for a nationality determination, the district court must treat the case "as if an action had been brought in the district court under [28 U.S.C. § 2201]."  *Id.*

Section 2201 of Title 28 is the Declaratory Judgment Act, and it states, in relevant part, that "any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a).  Importantly, "[a]ny such declaration shall have the force and effect of a final judgment or decree *and shall be reviewable as such*."  *Id.* (emphasis added). Reading together the Declaratory Judgment Act and the provisions of 8 U.S.C. § 1252(b)(5)(B) pertaining to nationality determinations shows that Congress intended the following: (i) a case transferred pursuant to § 1252(b)(5)(B) for a nationality determination hearing is to be treated by the transferee district court as a new declaratory judgment action, (ii) a district court's nationality determination is to be treated as a final judgment or decree, and (iii) any challenge to a district court's nationality determination is to be reviewable in the same manner as any other final judgment or decree.

Except for limited circumstances not relevant here, all "appeals from reviewable decisions of the district … courts shall be taken to the court of appeals … for the circuit embracing the district[.]" 28 U.S.C. § 1294(1). Accordingly, the sole appellate court with jurisdiction to entertain an appeal from a nationality determination made by the United States District Court for the Eastern District of New York is the United States Court of Appeals for the Second Circuit. *Cf. Leal Santos v. Mukasey*, 516 F.3d 1, 3 & n.4 (1st Cir. 2008) (reviewing challenge to nationality determination following a § 1252(b)(5)(B) transfer from the Third Circuit to the District of Massachusetts, but noting that "[n]o issue ha[d] been raised … about … whether [the First Circuit was] the appropriate court to review the district court's findings").

That result comports with the common understanding of the jurisdictional consequences that flow from other types of case transfers. Section 1252(b)(5)(B), after all, employs the word "transfer," and "[w]e presume that Congress expresses its intent through the ordinary meaning of the words it uses." *Del. Cty. v. Fed. Housing Fin. Agency*, 747 F.3d 215, 221 (3d Cir. 2014). Courts address the jurisdictional consequences of a transfer most frequently when a case has been transferred from one district court to another pursuant to 28 U.S.C. § 1404. In that context we have stated clearly that, once a transferor court sends the case file to the transferee court, "the transferor court—and the appellate court that has jurisdiction over it—lose all jurisdiction over the case and may not proceed further with regard to it." *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 143 n.4 (3d Cir. 1999) (citation omitted). That basic principle of appellate jurisdiction stems directly from the territorial limitation Congress has placed on the courts of appeals'

jurisdiction in 28 U.S.C. § 1294(1). *See In re HealthTrio, Inc.*, 653 F.3d 1154, 1162 (10th Cir. 2011) (explaining that "§ 1294(1) confers jurisdiction in a territorial manner"); *cf. Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 51 (3d Cir. 2001) (describing § 1294(1) as conferring jurisdiction).

We acknowledge that the question of appellate jurisdiction following a § 1404 transfer has caused a split among our sister courts of appeals. *See TechnoSteel, LLC v. Beers Const. Co.*, 271 F.3d 151, 154-57 (4th Cir. 2001) (addressing circuit split). They are not in agreement over whether the pre-transfer decisions of a transferor court are reviewable by the court of appeals embracing the transferee court. *Id.* That disagreement is not at issue here, however, because Congress has instructed that § 1252(b)(5)(B) transfers must be treated as if they were new proceedings arising under the Declaratory Judgment Act. *See* 8 U.S.C. § 1252(b)(5)(B) (instructing that transfer be treated "as if an action had been brought in the district court under [the Declaratory Judgment Act]"); *Lopez v. Holder*, 563 F.3d 107, 110 (5th Cir. 2009) (explaining that a § 1252(b)(5)(B) transfer is a "new" proceeding). And in the context of proceedings under § 1252(b)(5)(B), the only district court to render a reviewable decision is the transferee district court. Because in this case the transferee court was the United States District Court for the Eastern District of New York, and that court lies within the jurisdiction of the Second Circuit, we have no power to entertain an appeal of the nationality determination.[4]

---

[4] *See, e.g.*, *In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) (addressing an appeal from a case that

8

Our decision today may put us at odds with a decision of the United States Court of Appeals for the Ninth Circuit. In *Demirchyan v. Holder*, the court characterized a § 1252(b)(5)(B) transfer as a limited remand which did not require the petitioner challenging a nationality determination to file a separate notice of appeal. 641 F.3d 1141, 1142-43 (9th Cir. 2011). The Ninth Circuit appears to have rejected the contention that a court of appeals is deprived of jurisdiction over a petitioner's nationality challenge once it initiates a § 1252(b)(5)(B) transfer. *Id.* at 1142. It has thus, perhaps, implicitly rejected one of the premises from which we are operating, namely that § 1252(b)(5)(B) transfers create new proceedings. Importantly, however, *Demirchyan* involved the more common procedural posture of an intra-circuit § 1252(b)(5)(B) transfer. *Id.* Therefore, the Ninth Circuit, as both the transferor court of appeals and the court of appeals embracing the district court issuing the ruling, did not have to grapple with the jurisdictional issue that arises

---

had been transferred out of the Fifth Circuit and explaining that "[t]his is not just a case in which no appeal to the Fifth Circuit has been perfected; instead, it is a proceeding in which no appeal to this court can be taken"); *Mackey v. Shalala*, 360 F.3d 463, 467 n.2 (4th Cir. 2004) (explaining that there was "no authority" that would permit it to "review the decisions" of an out-of-circuit district court); *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 177 (2d Cir. 2000) ("[A] court of appeals normally has no jurisdiction to review the decision of a district court in another circuit[.]").

when there is an appeal following an inter-circuit § 1252(b)(5)(B) transfer, as is so here.[5]

For the reasons already explained, there is a meaningful distinction between § 1252(b)(5)(B) transfers and limited remands. As to § 1252(b)(5)(B), Congress constructed a statutory scheme using the term "transfer" and specifically instructed that such "transfers" be treated as if they were newly filed declaratory judgment actions. 8 U.S.C. § 1252(b)(5)(B). In contrast, a limited remand is a procedural device created by appellate courts for judicial convenience and case management to allow a district court to make "*additional* findings or explanations." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 151 (3d Cir. 2017) (emphasis added). Nationality determinations do not involve returning a case to a district court for additional findings or explanations. Rather, they require a district court to undertake an examination of a petitioner's nationality claim in the first instance. *See Joseph v. Att'y Gen.*, 421 F.3d 224, 229-30 (3d Cir. 2005) (explaining that a § 1252(b)(5)(B) transfer results in a district court conducting a de novo nationality determination). Moreover, considerations of judicial convenience and case management do not outweigh Congressional directions. Accordingly, to the extent *Demirchyan* can be read to stand for the proposition that a court of appeals that initiates a § 1252(b)(5)(B) transfer

---

[5] The United States Court of Appeals for the Second Circuit has also suggested, in a non-precedential opinion, that intra-circuit § 1252(b)(5)(B) transfers be treated as limited remands. *See Morales-Santana v. Holder*, 529 F. App'x 78, 79-80 (2d Cir. 2013) (treating an intra-circuit § 1252(b)(5)(B) transfer as a limited remand).

10

necessarily retains jurisdiction over any subsequent challenge to the nationality determination, we respectfully disagree.[6]

Our conclusion that we lack jurisdiction to entertain Ricketts's appeal of the nationality determination made by the United States District Court for the Eastern District of New York does not affect our jurisdiction over Ricketts's underlying consolidated petitions for review. The jurisdictional discussion above relates only to the nationality determination undertaken by the § 1252(b)(5)(B) transferee district court. The proceedings here and in the circuit court embracing the transferee district court progress, in effect, on independent tracks, though it will typically be appropriate for us to stay an underlying petition for review pending a nationality determination. Once there is a final resolution of a petitioner's nationality claim, the merits of the underlying petition for review should be ripe for disposition.

We will thus transfer only Ricketts's nationality appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

---

[6] Our holding today does not conflict with *Khouzam v. Attorney General*, 549 F.3d 235 (3d Cir. 2008). In *Khouzam*, we held that, with respect to jurisdiction over petitions for review, 8 U.S.C. § 1252(b)(2) "is a non-jurisdictional venue provision." 549 F.3d at 249. This case, however, does not implicate our jurisdiction over a petition for review. Rather, it implicates only our jurisdiction to entertain an appeal from a reviewable decision made by an out-of-circuit district court.

## III. CONCLUSION

For the foregoing reasons, the motion to transfer will be granted and the consolidated petitions for review will remain stayed pending a final decision on Ricketts's appeal of his nationality determination.