**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

C.A. Nos. 17-3298 and 18-1404
(consolidated)
_____

JUNIOR NATHANIEL RICKETTS
a/k/a Junior Mohammed Ricketts
a/k/a Paul Milton Miles,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A027 024 434)
Immigration Judge:  Honorable Walter Durling

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 6, 2020
Before:  JORDAN, GREENAWAY, Jr., and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Junior Nathaniel Ricketts, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals ("BIA" or "Board"), which denied his motion to reopen, and the BIA's order denying his subsequent motion to reconsider. We will dismiss these two consolidated petitions for review for lack of jurisdiction.[1]

This case has a long and complicated background. In short, Junior Ricketts claimed that he was a United States citizen and that he was born in Brooklyn, New York. However, an Immigration Judge ("IJ") found that he was a Jamaican citizen, and he was removed to Jamaica in 2000, based on his criminal convictions: he was convicted on January 9, 1995, in the United States District Court, Southern District of New York, of the offenses of embezzlement of funds from a federally funded local government agency, in violation of title 18 U.S.C. § 666(a)(1)(A), illegal entry and harboring of aliens in the United States, in violation of title 8 U.S.C. § 1324(a)(1), fraud and misuse of an alien registration card, in violation of title 18 U.S.C. § 1546, and illicit transportation of a minor with intent to engage in sexual activity, in violation of title 18 U.S.C. § 2423. He eventually returned to the U.S. and filed several motions to reopen and/or reconsider, based on his claim of U.S. citizenship. Denials of two of those motions resulted in the petitions for review docketed at C.A. 10-1875 and 10-2400. Those cases were stayed

---

[1] These petitions are also consolidated with two of Ricketts' earlier petitions for review, docketed at C.A. Nos. 10-1875 and 10-2400. Ricketts is represented by counsel in those two proceedings, which concern whether the agency erred in applying the "departure bar regulation," 8 C.F.R. § 1003.2(d), to deny Ricketts' earlier motions to reopen and reconsider, and the effect of the Second Circuit's ruling that Ricketts is not a

pending resolution of a criminal matter,[2] and then the matter was transferred out of circuit for a citizenship determination under 8 U.S.C. § 1252(a)(5), see Ricketts v. Att'y Gen., 897 F.3d 491 (3d Cir. 2018).[3]

In the meantime, in August 2017 Ricketts filed another motion to reopen with the BIA. A.R. 39-66 (all page references to the Administrative Record in this opinion refer to the record filed in C.A. No. 18-1404). His motion claimed that as a gay man, he would face torture if he is returned to Jamaica. He claimed that his motion was brought under 8 C.F.R. § 1003.2(c)(3)(ii), which permits motions to reopen to apply for withholding of removal beyond the usual 90-day deadline and numerical limit when an alien shows qualifying changed country conditions.[4] The BIA denied the motion as untimely and number-barred, A.R. 14-16, and Ricketts' timely petition for review was docketed at C.A. No. 17-3298. Ricketts also filed a motion for reconsideration with the BIA. A.R. 8-10.

---

United States citizen. Our judgment today does not dispose of the proceedings in C.A. Nos. 10-1875 and 10-2400.

[2] Ricketts was charged, inter alia, with making a false claim of citizenship, but that charge later was dismissed as part of a plea bargain. See C.A. No. 10-1875, Final Status Report filed April 3, 2014.

[3] The United States District Court for the Eastern District of New York determined that Ricketts is not a United States citizen, and the Second Circuit affirmed that decision. See C.A. No. 18-2244 (2d Cir. Feb. 26, 2019), motion for reconsideration denied, April 25, 2019.

[4] A motion filed outside of the 90-day period and beyond the usual one-only limit is allowed if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA denied that motion as well, A.R. 2-3, and Ricketts' timely petition for review was docketed at C.A. No. 18-1404.

We generally have jurisdiction to review a Board order denying a motion to reopen or reconsider, see Kucana v. Holder, 558 U.S. 233, 253 (2010), and we review such decisions for abuse of discretion, see Zhu v. Att'y Gen., 744 F.3d 268, 271 (3d Cir. 2014). But because Ricketts is removable for having been convicted of an aggravated felony, our jurisdiction is limited to review of constitutional claims and questions of law. See Desai v. Att'y Gen., 695 F.3d 267, 269 (3d Cir. 2012); see also 8 U.S.C. § 1252(a)(2)(C), (D); Cruz v. Att'y Gen., 452 F.3d 240, 246–47 (3d Cir. 2006).

Under the statute, a "court of appeals shall decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). The administrative record produced in *these* consolidated cases does not reflect that Ricketts' original removal order was reinstated at any point. We take judicial notice, however, as we think we must, that the removal order was reinstated by an order dated April 22, 2005. See Ricketts v. Att'y Gen., C.A. No. 06-4612, Respondent's Motion to Dismiss, Reinstatement Order attached. And if a removal order has been reinstated, the agency lacks the authority to reopen removal proceedings. See 8 U.S.C. § 1231(a)(5); Cuenca v. Barr, 941 F.3d 1213, 1217 (9th Cir. 2019).

There is an exception to the bar on reopening, however: "An alien may seek withholding of removal if he has a reasonable fear of persecution." Bonilla v. Sessions, 891 F.3d 87, 90 (3d Cir. 2018). Ricketts claims that the agency is required to refer him to

4

an asylum officer to conduct a "reasonable fear" determination. But reasonable fear proceedings are to occur as part of the reinstatement proceedings, which occurred in Ricketts' case in 2005. The regulation that Ricketts cites, 8 C.F.R. § 208.31, provides for a reasonable fear interview when an alien "*in the course of* the administrative removal or reinstatement process expresses a fear of returning to the country of removal," § 208.31(a) (emphasis added), and provides that "[i]n the absence of exceptional circumstances, this determination will be conducted within 10 days of the referral," § 208.31(b). Ricketts cites no applicable regulation or statute that would obligate the agency to provide him with a reasonable fear interview over a decade after his removal order was reinstated. See Pareja v. Att'y Gen., 615 F.3d 180, 187 (3d Cir. 2010) ("If a claim is frivolous, . . . we lack jurisdiction to review it, no matter its label.").

Even if Ricketts were not subject to a reinstated removal order, we would lack jurisdiction to consider his claim that the agency should have reopened proceedings because he met the burden of showing changed country conditions. Cf. Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006) (concluding that a claim that a petitioner met his burden of demonstrating changed circumstances materially affecting asylum eligibility did not raise a constitutional claim or question of law). See also Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("[A]rguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)).").

5

Because Ricketts fails to raise any colorable legal or constitutional issues, we lack jurisdiction to consider these consolidated petitions for review. We thus will dismiss the petitions.