# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2021

Lyle W. Cayce
Clerk

No. 20-60167
Summary Calendar

Andre Joseph,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A030 582 729

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Andre Joseph, a native and citizen of Trinidad and Tobago, entered the United States in June 1970 as a lawful permanent resident. He was deported twice and illegally reentered the United States twice. As relief from his third removal, Joseph argued before the Board of Immigration Appeals

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

("BIA") that he became a nationalized citizen in 1984, when he enlisted in the United States Navy.

The Immigration and Nationality Act provides for judicial review of removal orders where, as here, the petitioner's nationality is at issue. *See* 8 U.S.C. § 1252(a)(1), (b)(5). Under these provisions, "a court of appeals is directed to conduct a de novo determination, based on the record, of an alien's claim of nationality." *Lopez v. Holder*, 563 F.3d 107, 110 (5th Cir. 2009) (citing *Marquez-Marquez v. Gonzalez*, 455 F.3d 548, 554 (5th Cir. 2006)). Where "the petitioner claims to be a national of the United States and the court of appeals finds that the pleadings and affidavits present no genuine issue of material fact regarding nationality, the court of appeals 'shall decide the nationality claim.'" *Id.* (quoting § 1252(b)(5)(A)).

Even construing Joseph's pro se brief liberally, *see Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993), he has not demonstrated a genuine issue of material fact with respect to his citizenship claim. To become a naturalized citizen, a person must complete the naturalization process, *Omolo v. Gonzales*, 452 F.3d 404, 408–09 (5th Cir. 2006), by, *inter alia*, filing an application for naturalization, 8 U.S.C. § 1445, and taking an oath of allegiance at a public ceremony, 8 U.S.C. § 1448(a). A person who successfully completes the naturalization process is entitled to a certificate of naturalization. 8 U.S.C. § 1449. There is no evidence that Joseph satisfied any of these requirements. Because there is not a genuine issue of material fact regarding Joseph's nationality, *see Lopez*, 563 F.3d at 110, his petition for review is DENIED.

Joseph also seeks to supplement the administrative record with documents demonstrating, among other things, his work authorization status, military service, and social security number. Our review is limited to the administrative record, *see Kane v. Holder*, 581 F.3d 231, 242 n.44 (5th Cir.

No. 20-60167

2009), which already includes most of these documents.  In any event, none of them are material to Joseph's claim of citizenship.  Accordingly, his two motions to supplement the record are DENIED.