# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2022

Lyle W. Cayce
Clerk

No. 20-60748

Javier Garza-Flores,

*Petitioner*,

*versus*

Alejandro Mayorkas, *Secretary, U.S. Department of Homeland Security*,

*Respondent*.

On Petition for Review of Reinstatement of Removal Order by
the Department of Homeland Security
Agency No. 076-817-858

Before King, Graves, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

U.S. citizens usually know that they're U.S. citizens. But not always.

You're a U.S. citizen—and have been from the moment you were born—if you were born in the United States and subject to U.S. jurisdiction. *See* 8 U.S.C. § 1401(a). *See also* U.S. Const. amend XIV, § 1.

But what if you were born outside the United States? You may also be a natural born U.S. citizen. But that may turn on which year you were born; whether one or both of your parents were U.S. citizens at the time;

No. 20-60748

whether your parents were married to each other at the time, or whether paternity can otherwise be legally established; and when and for how long your parents resided in the United States, both cumulatively and in the years before your birth. *See* 8 U.S.C. §§ 1401, 1409.

Moreover, it may prove difficult to establish such obsolete facts as where your parents lived many years ago, and exactly how long they lived there. A factfinder may have to sift through whatever personal documentation remains available and determine what inferences may be drawn accordingly.

That's precisely what's at issue here. For years, Petitioner Javier Garza-Flores did not believe he had a valid claim to U.S. citizenship. But now he thinks that he does. And he has presented documentary evidence sufficient to demonstrate, at a minimum, a genuine issue of material fact concerning his claim of U.S. citizenship.

That is enough to warrant a factual proceeding before a federal district court to determine his citizenship. Accordingly, we transfer this matter to the U.S. District Court for the Southern District of Texas for a de novo review under 8 U.S.C. § 1252(b)(5)(B).

## I.

Garza-Flores was born out of wedlock in Mexico in 1974. His parents have since deceased. His mother, Francisca Flores, was a Mexican national. His father, Eugenio Garza-Guerra, was a U.S. citizen.

Petitioner entered the United States without inspection in August 2000. He was subsequently convicted of burglary in Texas. At that time, he was unaware that he may have a claim to U.S. citizenship through his father. So he admitted that he was deportable and ineligible for relief from removal.

No. 20-60748

He was removed from the United States pursuant to a final removal order in 2003.

His view changed, however, in 2014. He applied for a Certificate of Citizenship and claimed that he had acquired U.S. citizenship at birth through his father. But U.S. Citizenship and Immigration Services ("USCIS") denied his application.

Approximately six years later, Petitioner reentered the United States. The Department of Homeland Security reinstated the prior removal order against him.

After consulting with an attorney, Petitioner timely filed this petition for review under 8 U.S.C. § 1252(b)(1), along with an opposed motion to transfer his case to the U.S. District Court for the Southern District of Texas for a de novo determination of his citizenship claim under 8 U.S.C. § 1252(b)(5)(B).

## II.

"A person generally may pursue a citizenship claim in two ways." *Lopez v. Holder*, 563 F.3d 107, 110 (5th Cir. 2009). A person can affirmatively seek proof of citizenship by filing an application for a certificate of citizenship under 8 U.S.C. § 1452(a), and if denied, seek relief in federal district court under 8 U.S.C. § 1503. Alternatively, a person can proceed as Petitioner has done here—by asserting citizenship defensively, in response to removal proceedings, and if denied, file a petition for review in a court of appeals under 8 U.S.C. § 1252(b).

If the court of appeals determines that "a genuine issue of material fact about the petitioner's nationality is presented," it shall transfer the proceeding to a federal district court for a de novo review of Petitioner's nationality claim. 8 U.S.C. § 1252(b)(5)(B). If the court of appeals finds no

such genuine issue of material fact, it should decide the nationality claim itself on the existing record. 8 U.S.C. § 1252(b)(5)(A). Even if USCIS has "previously rejected [the petitioner's] citizenship claim," as occurred here, that rejection "does not inhibit our review." *Iracheta v. Holder*, 730 F.3d 419, 422 (5th Cir. 2013). *See also Alwan v. Ashcroft*, 388 F.3d 507, 510 (5th Cir. 2004) (same).

The parties do not dispute that the applicable law for determining Petitioner's citizenship "is the statute in effect at the time of [Petitioner's] birth." *Iracheta*, 730 F.3d at 423. Petitioner was born in 1974, so we look to the text of 8 U.S.C. § 1401(a)(7) and § 1409(a) in effect at that time.

The government contests only one of the elements required by these provisions—whether, at the time of Petitioner's birth, his citizen parent was "physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years." It's undisputed that the remaining requirements have all been met—Petitioner was (1) born out of wedlock, (2) outside the United States and its territories, (3) to an alien mother and a citizen father, and (4) paternity was legitimated before he turned 21.

So if Petitioner demonstrates a genuine issue of material fact as to whether his father satisfied the "physical presence" requirement, he is entitled to a de novo review of his citizenship claim in district court. 8 U.S.C. § 1252(b)(5)(B).

To determine whether a genuine issue of material fact exists under § 1252(b)(5), "summary judgment principles control." *Agosto v. INS*, 436 U.S. 748, 749 (1978). So we must transfer this case to the district court "if the supporting evidence would suffice to entitle a litigant to trial were such evidence presented in opposition to a motion for summary judgment." *Id*. *See also Rosales v. Lynch*, 821 F.3d 625, 628 (5th Cir. 2016) (same).

No. 20-60748

"Petitioner's burden here is not to prove the facts conclusively, but merely to show that a genuine issue of material fact exists." *Batista v. Ashcroft*, 270 F.3d 8, 16 (1st Cir. 2001).  Because we are applying summary judgment principles, we are "obliged not to weigh conflicting evidence," "assess the credibility of [] affidavit[s]," or "attempt to reconcile" conflicting evidence. *Rosales*, 821 F.3d at 631.

## III.

To establish his citizenship, Petitioner must show that, at the time of his birth in 1974, his father had satisfied the physical presence requirement—that is, he was physically present within the United States for a period "totaling not less than ten years, at least five of which were after attaining the age of fourteen years."

In support of that claim, Petitioner presents the following documents: (1) a certificate of baptism indicating that his father was baptized in Texas in 1916; (2) his father's illegible border crossing card that purportedly indicates his father arrived in the United States in 1938; (3) his father's World War II draft card that was issued in 1941, which lists the United States as his country of citizenship, Texas as his place of employment, a Texas-based employer, and both Texas and Mexico residential addresses; (4) his father's Application for Certificate of Citizenship dated September 15, 1969, which lists a Texas address and asserts that he goes "back [and] forth [between the United States and Mexico] whenever necessary," and that he "resided in" the United States for five months in 1940; and finally, (5) a sworn affidavit from his father's sister, Herminia Becerra.

In her affidavit, Becerra attests to the following:  Petitioner's father, Eugenio, is Becerra's older brother.  Eugenio was born in 1915 in Texas. Eugenio and his wife had five children together, all of whom obtained their U.S. citizenship through Eugenio.  Eugenio also had an extra-marital

5

relationship that resulted in Petitioner's birth. Becerra did not know Petitioner personally, but she knew about his mother's relationship with Eugenio, and that it had resulted in Petitioner's birth. From the time Eugenio was roughly ten years old through the remainder of his life, he worked as a field laborer for La Labor in the United States. He would work "at La Labor during the weekdays" and "would usually" return to his home in Mexico on the weekends.

Finally, the affidavit asserts that, because Eugenio was sixty years old when Petitioner was born, Becerra has "no doubt" that Eugenio "was physically present in the U.S. for more than ten years prior to [Petitioner's] birth."

Despite all this evidence, the government claims it is not enough to establish a genuine issue of material fact. We disagree.

## A.

The government contends that Becerra's affidavit is not based on personal knowledge, as required under Rule 56(c)(4).

But courts have repeatedly held that the personal knowledge requirement of Rule 56 can be "reasonably inferred" from the circumstances—such as the affiant's identity and relationship to the relevant subject matter. *See, e.g.*, *Matter of Green*, 968 F.3d 516, 524 (5th Cir. 2020); *DIRECTV Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990); *United States v. Sellers*, 483 F.2d 37, 41 (5th Cir. 1973), *overruled on other grounds by United States v. McKeever*, 905 F.2d 829 (5th Cir. 1990); *Allen v. Coil Tubing Servs., L.L.C.*, 846 F. Supp. 2d 678, 698 n.36 (S.D. Tex. 2012), *aff'd*, 755 F.3d 279 (5th Cir. 2014); *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013).

Considering Becerra's relationship with her brother, we have no difficulty inferring her personal knowledge regarding the basic details of her brother's marriage, children, and employment. And even if we were to strike Becerra's speculative statement that she has "no doubt" her brother was physically present in the United States for the requisite amount of time, that still leaves the underlying information supporting her inference. "On a motion for summary judgment," we "disregard only those portions of an affidavit that are inadequate and consider the rest." *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 531 (5th Cir. 1992).

**B.**

And even if we were to disregard Becerra's affidavit, Petitioner's documentary evidence supports the conclusion that his father resided and was physically present in the United States on numerous occasions throughout the relevant period of time. The government offers no rebuttal evidence of its own. And Petitioner's evidence does not conflict with other parts of the record. Courts have found a genuine issue of material fact on far less. *See, e.g.*, *Agosto*, 436 U.S. at 759 (finding genuine issue where Petitioner and government presented opposing evidence, and despite multiple reasons to find Petitioner non-credible); *Rosales*, 821 F.3d at 631 (finding genuine issue based on "thin evidence" and despite conflicting evidence in the record); *Kamara v. Lynch*, 786 F.3d 420, 425 (5th Cir. 2015) (finding genuine issue where no evidence had yet been developed on the relevant question); *Durazo-Murrieta v. Mukasey*, 267 F. App'x 628, 629 (9th Cir. 2008) (finding genuine issue as to the physical presence requirement based on evidence that Petitioner's father "worked in the agricultural fields" in the United States).

Notably, Petitioner was also recently tried in district court for the crime of unlawful reentry into the United States. *See United States v. Garza-Flores*, 2021 WL 5771866 (S.D. Tex. Dec. 6, 2021). He defended himself on

No. 20-60748

the ground that he is a U.S. citizen and thus entitled to return to the United States.  As here, the criminal case turned on whether his father met the "physical presence" requirement.  *Id.* at *6.  Evaluating nearly identical evidence, the court determined that reasonable doubt existed as to his father's requisite physical presence—and thus found him not guilty.  *Id.* at *1, *6.  Our conclusion in this case—that Petitioner has presented a genuine issue of material fact as to his citizenship—is certainly consistent with the judgment in his criminal case.

* * *

"United States citizenship is one of the greatest privileges this world has ever known."  *Lopez v. Pompeo*, 923 F.3d 444, 447 (5th Cir. 2019) (Ho, J., concurring).  Garza-Flores has staked his claim to that precious right.  And he has presented at least a genuine issue of material fact concerning that claim.  Accordingly, we transfer this case to the U.S. District Court for the Southern District of Texas for a de novo determination of his citizenship claim under 8 U.S.C. § 1252(b)(5)(B).