[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10239

Non-Argument Calendar

_____

NEIL SEAN FAGAN,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A026-847-908

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Neil Sean Fagan, proceeding *pro se*, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal of the immigration judge's (a) denial of his motion to terminate removal proceedings and (b) finding that he was removable under former INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227 (a)(2)(A)(ii). On appeal, Mr. Fagan argues that he is a United States citizen based on the concept of derivative citizenship established by former INA § 321(a), 8 U.S.C. § 1432(a).

Following a review of the record, and applying summary-judgment principles, *see Garza-Flores v. Mayorkas*, 38 F.4th 440, 444 (5th Cir. 2022), we conclude that there is a genuine dispute of material fact as to Mr. Fagan's claim of citizenship. For example, both Mr. Fagan and the government have submitted immigration (and other) documents which support their respective positions. Accordingly, we transfer this proceeding to the U.S. District Court for the Southern District of Georgia—the district where Mr. Fagan resides—for a de novo hearing on the nationality claim. *See* 8 U.S.C. § 1252(b)(5)(B) ("If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under

section 2201 of Title 28."). The district court should seek to appoint or obtain counsel (including pro bono counsel) for Mr. Fagan before adjudicating the nationality issue.

We hold Mr. Fagan's petition for review in abeyance pending the resolution of the nationality claim in the district court. *See Duarte-Ceri v. Holder*, 630 F.3d 83, 91-92 (2d Cir. 2010); *Ayala-Villanueva v. Holder*, 572 F.3d 736, 740 (9th Cir. 2009). Once the district court has resolved Mr. Fagan's claim of nationality, it shall transmit its order and judgment and the record to this court. The parties will be provided an opportunity to file supplemental briefs addressing the district court's order.

One more matter warrants discussion. At the moment, there is a small circuit split on whether, following a transfer to a district court pursuant to § 1252(b)(5)(B), the losing party on the nationality issue needs to file a new notice of appeal to obtain review of the nationality ruling. *Compare Demirchyan v. Holder*, 641 F.3d 1141, 1142-43 (9th Cir. 2011), *with Ricketts v. Att'y Gen.*, 897 F.3d 491, 495-96 (3d Cir. 2018). Although we do not express any views on the issue today, we counsel Mr. Fagan and the government to file a timely notice of appeal in case they wish to seek review of the district court's nationality determination. If a new appeal is docketed, it will be consolidated with the present appeal.

**MATTER TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA.**