# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2024

Lyle W. Cayce
Clerk

No. 24-40007

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTIAN LEONARDO FRANCO POSLIGUA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-132-3

Before ELROD, *Chief Judge*, and OLDHAM and WILSON, *Circuit Judges*.
ANDREW S. OLDHAM, *Circuit Judge*:

Christian Leonardo Franco Posligua pleaded guilty to conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States. *See* 46 U.S.C. §§ 70503(a)(1), 70506(b). In June 2022, Posligua filed a notice of appeal of the district court's final judgment in order to challenge the district court's subject matter jurisdiction. That appeal, No. 22-40393, was heard by a different panel of this court. *See United States v. Posligua*, No. 22-40393, 2023 WL 4044438 (5th Cir. June 15, 2023) (per curiam). That panel ordered "a *limited remand* to permit the district court to determine, in the first instance, whether it ha[d]

jurisdiction." *Id.* at *2 (emphasis added). On limited remand, the district court concluded that it had subject matter jurisdiction. Posligua then filed a new notice of appeal, which exclusively appealed the district court's order on limited remand. The new appeal, No. 24-40007, was routed to this panel.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam). Generally, we have jurisdiction only over appeals from final judgments. *See* 28 U.S.C. § 1291; *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). A final judgment, for purposes of § 1291, "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Martin*, 618 F.3d at 481 (quotation omitted). "By ordering a limited remand to the district court for the sole purpose of" determining whether it had jurisdiction in the first instance, this court "retained our jurisdiction over" Posligua's initial appeal (No. 22-40393) and "did not empower the district court to render a final decision." *Blunt v. Shelby*, 781 F. App'x 376, 377 (5th Cir. 2019) (per curiam) (citing *United States v. Cessa*, 861 F.3d 121, 143 (5th Cir. 2017)); *accord United States v. Mitchell*, 779 F. App'x 241, 242 (5th Cir. 2019) (per curiam); *English v. Aramark Corp.*, No. 21-20554, 2022 WL 16707189, at *1 (5th Cir. Nov. 4, 2022) (per curiam). Thus, "the district court's order on limited remand does not qualify as a final decision that is appealable in this court." *Blunt*, 781 F. App'x at 377. That all makes sense because a limited remand is merely "a procedural device created by appellate courts for judicial convenience and case management to allow a district court to make additional findings or explanations." *Ricketts v. Att'y Gen.*, 897 F.3d 491, 496 (3d Cir. 2018) (emphasis omitted) (quotation omitted).

Accordingly, we DISMISS Posligua's appeal (No. 24-40007) from the district court's order on limited remand for lack of jurisdiction. The panel that ordered the limited remand continues to exercise jurisdiction over Posligua's initial appeal (No. 22-40393).